IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CV454 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| $103,000.00 in United States Currency, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the pro se motions for appointed counsel (Filing No. 31) and for a subpoena duces tecum (Filing No. 32) filed by the Claimant, Tri Q. On.

*Appointment of Counsel*

Mr. On was represented by retained counsel, who was granted leave to withdraw. At the October 13, 2010, hearing Mr. On stated that he was attempting to secure new counsel. The motion for appointment of counsel followed.

The rules for civil forfeiture proceedings provide:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

18 U.S.C. § 983(b)(1)(A).

Mr. On is not represented by counsel under 18 U.S.C. § 3006A in a related, or in any, criminal case. Therefore, even assuming he qualifies financially, counsel cannot be appointed in this civil forfeiture case. Therefore, the motion for appointed counsel is denied.

*Subpoena*

Mr. On requests the "Clerk of the Douglas County District Court" [sic] to issue a subpoena in this Court to Mr. On's previous attorney in this case requiring him to testify at trial and to bring the file of criminal case no. 181-604 relating to the $103,000 being won at various casinos.

The Complaint alleges that the currency in question "was used or intended to be used to commit or facilitate the commission of violations of" 21 U.S.C. §§ 841 and 844. Although it is alleged that the property was connected to a criminal offense, this action is civil, rather than criminal, in nature. *United States v. One 1970 36.9' Columbia Sailing Boat,* 91 F.3d 1053, 1056 (8th Cir. 1996) (discussing *United States v. Ursery,* 518 U.S. 267 (1996)). Therefore, the federal civil rules of procedure apply. *In re Harper,* 835 F.2d 1273, 1274 (8th Cir. 1988).

Federal Rule of Civil Procedure 45 sets out the requirements for obtaining and serving a subpoena. It appears that Mr. On requests the Court to prepare and serve the requested subpoena. Rule 45 requires that the prospective witness be paid a fee for one day's attendance and mileage when the subpoena is served. Mr. On has not represented that he is able to meet this requirement. The statute governing in forma pauperis status relates to the "commencement, prosecution or defense" of a suit and, therefore, on its face does not appear to relate to a claimant in a forfeiture action. 28 U.S.C. § 1915(a)(1).

Also, the Court notes that the pretrial order lists Mr. On as his sole witness. Therefore, any additional witnesses would only be allowed to testify if the government does not object.

IT IS ORDERED:

1.  The pro se motions for appointed counsel (Filing No. 31) and for a subpoena duces tecum (Filing No. 32) filed by the Claimant, Tri Q. On, are denied; and

2.  The Clerk is directed to mail a copy of this order to the pro se Claimant, Tri Q. On, to his last known address.

DATED this 28th day of October, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge